IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2003

## GARCIA FLORES ISODORO v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-A-290     J. Randall Wyatt, Jr., Judge**

———————————

### No. M2002-01345-CCA-R3-CO - Filed March 27, 2003

———————————

The Defendant, Garcia Flores Isidoro, filed for post-conviction relief, which was denied without a hearing as being untimely filed. The Defendant now appeals as of right. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Garcia Flores Idodoro, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant, Garcia Flores Isidoro, pled guilty to second degree murder in 1997. He received a sentence of twenty-four years in the Department of Correction. In December 2001, the Defendant filed a petition for post-conviction relief, alleging that he had been denied the effective assistance of counsel in conjunction with his plea; that his plea was not entered into knowingly, voluntarily and intelligently; that his conviction was based on the use of a coerced confession; and that his conviction was based on a violation of his privilege against self-incrimination. The trial court summarily dismissed the Defendant's petition on the ground that it was time-barred. See Tenn. Code Ann. § 40-30-202(a). The Defendant subsequently filed a motion requesting the court to consider his post-conviction petition as one for a writ of habeas corpus. The trial court summarily denied this motion on the basis that the petition did not meet the criteria for habeas corpus relief. The Defendant now appeals from both orders.

Our legislature has made clear its intention that the statute of limitations applicable to post-conviction petitions not be tolled for any reason.  See Tenn. Code Ann. § 40-30-202(a).  The Defendant nevertheless argues that the statute of limitations should be tolled because he spoke no English at the time of his guilty plea and did not learn enough English to file for post-conviction relief until well after the statute of limitations had run.

This Court has previously addressed a similar argument in Guillermo Matiaz Juan v. State, No. 03C01-9708-CR-00318, 1999 WL 76453 (Tenn. Crim. App., Knoxville, Feb. 18, 1999), appeal denied (Tenn. 1999).  In that decision, this Court held that "mere ignorance of the law concerning the statute of limitations, or even the existence of the statute of limitations, by whatever means (other than mental incompetence), does not rise to the status of being violative of constitutional due process," so as to toll the statute of limitations.  Id. at *2.  Accordingly, this issue is without merit.

The Defendant also claims that the trial court erred in summarily dismissing his claim for habeas corpus relief.  As repeatedly recognized by our supreme court, however,

> the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law.  Rather, the writ of habeas corpus will issue in Tennessee "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."

State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)).  The Defendant's petition does not set forth a claim for relief cognizable under habeas corpus proceedings.  The trial court did not err in denying the Defendant's motion, and this issue is, therefore, without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE